UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| CORUS REALTY HOLDINGS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:18-cv-00847 |
| | ) | |
| ZILLOW GROUP, INC.; ZILLOW, | ) | **JURY TRIAL DEMANDED** |
| INC.; and TRULIA, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Corus Realty Holdings, Inc. ("Plaintiff" or "Corus") allege as follows:

### NATURE OF ACTION

1.      This is an action under the patent laws of the United States, 35 U.S.C. § 1, et seq., for infringement by Defendants Zillow Group, Inc. ("Zillow Group"); Zillow, Inc. ("Zillow"), and Trulia, LLC ("Trulia") (collectively, "Defendants") of U.S. Patent No. 6,636,803 ("the '803 patent") owned by Corus.

### THE PARTIES

2.      Plaintiff Corus is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1900 North Taylor Street, Arlington, VA 22207.

COMPLAINT FOR PATENT INFRINGEMENT - 1 -
Case No.

3.      Upon information and belief, Zillow Group is a corporation organized under the laws of the State of Washington with its principal place of business at 1301 Second Avenue, Seattle, WA 98101.

4.      Upon information and belief, Zillow is a corporation organized under the laws of the State of Washington with its principal place of business at 1301 Second Avenue, Seattle, WA 98101. Zillow is a wholly-owned subsidiary of Zillow Group.

5.      Upon information and belief, Trulia is a corporation organized under the laws of the State of Delaware with its principal place of business at 535 Mission Street, Suite 700, San Francisco, CA 94105.  Trulia is a wholly-owned subsidiary of Zillow and an indirect subsidiary of Zillow Group.  Trulia is a successor to Trulia, Inc.  Trulia, Inc. was acquired by Zillow Group in February of 2015.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This court has general and specific personal jurisdiction over the Defendants based on their purposeful, systematic, and continuous contacts with the State of Washington. Defendants regularly transact business in and have committed tortious acts (including the infringement described below) in this district.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Defendants have committed acts of infringement in this district and have a regular and established place of business in this district.  Venue over Zillow Group and Zillow is also proper

in this district because both reside in the district through their incorporation in the State of Washington.

9.     Defendant Zillow Group's registered agent in Washington is CT Corporation System, located at 711 Capitol Way S STE 204; Olympia, WA 98501.

10.     Defendant Zillow's registered agent in Washington is CT Corporation System, located at 711 Capitol Way S STE 204; Olympia, WA 98501.

11.     Defendant Trulia's registered agent in Washington is CT Corporation System, located at 711 Capitol Way S STE 204; Olympia, WA 98501.

12.     Defendants conduct substantial business in the State of Washington, including (1) committing at least a portion of the infringing acts alleged herein and (2) regularly transacting business, soliciting business, and deriving revenue from the sale of goods and services, including infringing goods and services, to individuals in the State of Washington.  Thus, Defendants have purposefully availed themselves of the benefits of the State of Washington, and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

13.     For example, Defendants operate websites and mobile applications that provide real estate information and services to users within the State of Washington.  Zillow Group and Zillow further sell and offer to sell valuable marketing and advertising services on their website and mobile applications to real estate agents in the State of Washington.

14.     Upon information and belief, Zillow Group exercises direction and control over its subsidiaries, including Zillow and Trulia, and it operates its subsidiaries and affiliated entities as divisions or agents of a single enterprise.  The branding used on the websites associated with Zillow (www.zillow.com) and Trulia (www.trulia.com) reference and describe Zillow Group.

The Zillow and Trulia websites further identify Zillow and Trulia as brands owned by Zillow Group. Zillow Group also consolidates its financial disclosures for the Zillow and Trulia entities in its SEC filings. Zillow Group also hires employees in its Seattle office to develop and support the products and services operated by its subsidiaries, such as Zillow and Trulia.

15.     The terms of service and privacy policies for both Zillow and Trulia are substantially similar and reference Zillow Group and its subsidiaries as providing the applications, operation, data, and other services associated with Zillow and Trulia that include the infringing products. *See* https://www.trulia.com/info/terms/ and https://www.zillow.com/corp/Terms.htm. The Terms of Use for both Zillow and Trulia further indicate that the "user interfaces, design, information, data, code, products, software, graphics, and all other elements" of the services, including its mobile applications and networks, are the property of Zillow Group and Zillow Group grants users licenses to use the Zillow and Trulia products. Defendants further share information and data collected about their products, customers, and users.  *See* https://www.zillow.com/corp/Privacy.htm and https://www.trulia.com/info/privacy/.

### CORUS AND THE '803 PATENT

16.     Corus is the owner of the '803 patent entitled "Real-estate Information Search and Retrieval System" that was filed on November 30, 2001.  A true and correct copy of the '803 patent is attached as Exhibit A.

17.     Corus was founded in 2001 as a start-up in McLean, Virginia. Corus was founded with the purpose of bringing a new business model to the real estate industry that, among other things, improved the technology that real estate agents used to do their business.

18.     One such technology was the Mobile Navigator that was developed in 2001.  The Mobile Navigator product was a mobile device that used location technology to identify and obtain relevant information about real estate near a user's location.  Corus provided the Mobile Navigator for use by its clients and agents.

19.     Corus was frequently recognized as one of the top real estate firms in the Washington, D.C. area and was specifically recognized by Inc. Magazine in September 2006 for its innovation with technology such as Mobile Navigator.

20.     On October 21, 2003, the '803 patent was issued to Corus Realty LLC that was doing business at the time as Corus Home Realty.  Corus, as owner of Corus Realty LLC, became owner of the '803 patent through termination of Corus Realty LLC corporation.  Corus now has all rights in the '803 patent and standing to sue for patent infringement.

21.     In 2013, Corus contacted Zillow and identified the '803 patent and Corus's counsel, Michael O'Shea, attended an in-person meeting with Zillow and its attorneys on February 11, 2013 to discuss Zillow's infringement.  At that meeting, Zillow identified a patent to Mr. O'Shea that it believed was relevant prior art to the '803 patent.

22.     On August 27, 2013, Corus requested that the U.S. Patent and Trademark Office reexamine the '803 patent based on prior art Zillow had identified.  On January 21, 2015, the PTO issued a reexamination certificate that cancelled two claims and allowed 36 new or amended claims as patentable.

23.     The '803 patent has three reexamined independent claims that claim as follows:

1. A method of generating and displaying a digital map of current market information to prospective buyers about residential real-estate property in a geographical area of interest on a data-enabled mobile phone configured to obtain cellular-based location data, comprising:

    obtaining said area of interest from the cellular-based location data;

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

generating and displaying the digital map for viewing by said prospective buyer on said data-enabled mobile phone for said area of interest; obtaining current status property information for an item of property in the residential real-estate market for the area of interest, wherein said property information is obtained from a remote data source and a database stored on said data-enabled mobile phone, wherein the current status property information includes multiple listing service (MLS) data comprising a location, a market price and a market status of the item of property;

displaying a property icon on said digital map at the location of the item of property, wherein the property icon refers to the item of property in the residential real-estate market; and

displaying, upon selection of the property icon, MLS data including the market price and the market status of the item of property of the selected property icon.

14. A residential real-estate market information mobile computing device, comprising:

a cellular-based data receiver configured to obtain cellular-based location data;

a map generation unit for generating a digital map covering an area of interest, wherein said area of interest is obtained from the cellular-based location data;

a storage unit for storing property information which includes multiple listing service (MLS) data comprising a location, a market price and a market status of an item of property in said area of interest;

a processor for determining information needed to display a property icon for the item of property at the location of the item of property on said digital map, and for determining information needed to display property information about the item of property of the property icon upon selection of the property icon, and

a display unit for displaying said generated digital map and the property icon, and for displaying the property information for the item of property upon selection of the property icon, wherein the property information comprises MLS data including the market price and the market status of the item of property.

30. A non-transitory computer-readable medium storing a program to be implemented in a processing unit of a mobile computing device, said computer-readable medium including:

a first code section for controlling a display of a digital map covering an area of interest on the mobile computing device;

a second code section for obtaining residential property information which includes multiple listing service (MLS) data comprising a location, a market price and a market status of an item of property in said area of interest, wherein said property information is obtained from a remote data source and stored in a database on the mobile computing device;

a third code section for displaying a property icon at the location of the item of property on said digital map, wherein the property icon refers to the item of property;

a fourth code section for displaying upon selection of the property icon MLS data including the market price and the market status of the item of property of the selected property icon;

a fifth code section for receiving cellular-based location data of a current location of the mobile computing device in said area of interest; and

a sixth code section for generating said digital map from the current location data received in said sixth code section.

24.     The invention described and claimed in the '803 patent is a tangible and unconventional improvement of the technology and methods available to real estate agents before 2001.  The inventors sought to improve existing computer technology used by real estate agents (*e.g.*, MLS databases) by integrating it with methods of locating a user and properties on a digital map.  The integral combination of technology such as MLS databases, mobile devices, digital maps, and location information allowed users to provide information to clients in real time and more effectively provide their services.  The invention improved existing real-estate technology by providing a new way to locate and acquire information about property that was portable, easier to use, and faster for buyers.

25.     Prior to the filing date of the '803 patent, real estate agents for a given market engaged in an antiquated process of meeting with clients to identify characteristics of properties

the buyer was interested in, searching for properties using an MLS database, determining the location of properties, and meeting with their client again to visit those properties.   The invention described and claimed in the '803 patent provides a unique method and tool that substantially improves upon then existing technologies and methods of searching for real estate.

26.     The invention claimed in the '803 patent combines specific components and types of data (*e.g.*, mobile phones, cellular-based location data, MLS data, remote data sources, digital maps, position icons, and displays) to create a technological solution for the problem of providing real estate information to clients.  The resulting invention made the residential real estate process more efficient and even allowed buyers to search and navigate properties with minimal, if any, input from real estate agents.

27.     The inventive combination achieves the improved efficiency through multiple means.  The invention allows its users to visualize a given area of interest on a digital map and to display icons and property information on that map through one portable unit.  The invention transforms raw data such as property information and location from MLS data into a specific user-friendly format displayed on a mobile device in the form of a digital map with icons. Further still, one embodiment of the invention utilizes both remote and local data storage to provide portable information about real estate to users that can be easily updated in real time. The result of the invention allows users to quickly obtain real-estate information, visit properties, and obtain details about properties even if the buyer or agent were not familiar with an area.

## GENERAL ALLEGATIONS

28.     Zillow Group claims to operate "the leading real estate and home-related information marketplaces on mobile and the web" through "industry-leading mobile applications and websites." Zillow Group, Inc., 2017 ANNUAL REPORT ON FORM 10-K, p. 3 (2018) *available*

*at* http://investors.zillowgroup.com/annuals-proxies.cfm ("2017 ZILLOW ANNUAL REPORT").

The Zillow Group through its various applications, including those operated by Zillow and

Trulia, claims to have a database of more than 110 million homes across the United States and

provide updated information to users on more than 75 million homes that include among other

things listing information and sales data.

29.     The Zillow Group provides multiple mobile applications through Zillow, Trulia,

and its other subsidiaries that provide residential real estate information to its users by displaying

a digital map with market information with a particular geographical area of interest to a user.

The mobile applications are used by the public extensively.  For example, in 2017 two-thirds of

the usage of its flagship Zillow Brand came from usage on mobile applications. 2017 ZILLOW

ANNUAL REPORT, p. 3.

30.     One such mobile application produced and distributed by the Zillow Group and

Zillow is the Zillow Real Estate mobile application for various mobile operating systems and its

respective server software and interfaces (the "Zillow Accused Product").  The Zillow Accused

Product contains software code that is distributed to users through the software download

marketplaces for installation on mobile phones.  *See* https://www.zillow.com/mobile/.  Such

mobile phones have a cellular-based data receiver and are configured to receive cellular-based

location data from that receiver.

31.     When the Zillow Accused Product is installed on a mobile phone and used, it will

obtain the location data to identify a geographical area of interest nearby a user. The Zillow

Accused Product will generate a digital map of the area and obtain current status property

information for residential real estate in the area that is displayed on the mobile phone.

1

2

3

4

5

6

7

8

9

10

11

12

13

 

14

The property information displayed on the mobile phone is obtained over an Internet connection

15

from a remote data source maintained by the Zillow Group and Zillow and maintained in a

16

database of information stored on the mobile phone. At least some of the property information

17

obtained and stored by the Zillow Accused Product includes data from multiple listing services

18

that include property location (e.g., address), market price, and market status (e.g., "for sale").

19

20          32.     The Zillow Accused Product causes a property icon to be displayed on the mobile

21

phone display screen at the location on the map of the property. Upon selection of a property

22

icon by a user, the Zillow Accused Product will display property information such as price and

23

status from MLS data that is associated with the property selected.

24

25

26

27

28

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15




16   33.   Another mobile application produced and distributed by Trulia is the Trulia Real

17 Estate mobile application for various mobile operating systems and its respective server software

18 and interfaces (the "Trulia Accused Product"). The Trulia Accused Product contains software

19 code that is distributed to users through the software download marketplaces for installation on

20 mobile phones. *See* https://www.trulia.com/mobile/. Such mobile phones have a cellular-based

21 data receiver and are configured to receive cellular-based location data from that receiver.

22

23   34.   When the Trulia Accused Product is installed on a mobile phone and used, it will

24 obtain the location data to identify a geographical area of interest nearby a user when a user

25 searches for properties. The Trulia Accused Product will generate a digital map of the area and

26 obtain current status property information for residential real estate in the area that is displayed

27

28

1    on the mobile phone.



The property information displayed on the mobile phone is obtained over an Internet connection from a remote data source maintained by Trulia and maintained in a database of information stored on the mobile phone. At least some of the property information obtained and stored by the Trulia Accused Product includes data from multiple listing services that include property location (e.g., address), market price, and market status (e.g., "for sale").



2017 ZILLOW ANNUAL REPORT, p. 7.

35.     The Trulia Accused Product causes a property icon to be displayed on the mobile phone display screen at the location on the map of the property.  Upon selection of a property icon by a user, the Trulia Accused Product will display property information such as price and status from MLS data that is associated with the property selected.



36.     Trulia has had knowledge of the '803 patent through its predecessor entity, Trulia, Inc., since at least September 2012 when contacted by Michael O'Shea and Trulia's infringement was identified.

37.     Zillow has had knowledge of the '803 patent since at least February 2013 when contacted by Michael O'Shea and Zillow's infringement was identified.

38.     Upon information and belief, Zillow Group has had knowledge of the '803 patent since at least 2014 when it was created and Zillow became a subsidiary of Zillow Group.

39.     Defendants have also had knowledge of the '803 patent at least no later than the filing and service of this complaint.

40.     Defendants encourage their customers through various channels, such as

marketing, advertisements, and their websites and applications to download and use the features of both the Zillow Accused Product and Trulia Accused Product.

## COUNT I

### (Infringement of United States Patent No. 6,636,803)

41.     Corus re-alleges and incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint.

42.     Defendants directly infringe, literally or under the doctrine of equivalents, at least claims 1, 14, and 30 of the '803 patent by, without authority, making, using, importing, selling, or offering to sell, for example, the Zillow Accused Product and the Trulia Accused Product (collectively "the Accused Products") within the United States, in violation of 35 U.S.C. § 271(a).

43.     Defendants indirectly infringe the '803 patent within the United States by inducement under 35 U.S.C. § 271(b).  For example, since learning of the '803 patent and by failing to cease offering the Accused Products, Defendants have knowingly and intentionally induced users of the Accused Products to directly infringe one or more claims of the '803 patent, *inter alia*, by (1) providing instructions, information, and videos, for example on publicly available websites, such as Zillow.com, trulia.com, the Zillow Help Center, and the Trulia Learning Center, to explain how to acquire and use the Accused Products in an infringing manner, including the use of the Accused Products in manners described in the foregoing paragraphs, which are expressly incorporated herein, (2) touting these infringing uses of the Accused Products in advertisements including but not limited to those on their websites and other mobile app marketplace websites, and (3) directing and encouraging the actions of subsidiaries, employees, and agents to directly infringe.

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

44.     Defendants indirectly infringe the '803 patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the Accused Products, which are especially made for installation on mobile phones and use in a manner infringing one or more claims of the '803 patent as described herein and, further, have no substantial non-infringing uses.

45.     Upon information and belief, Defendants' infringement of the '803 patent has been and continues to be intentional, willful, and without regard to Corus's rights.

46.     Corus has been and continues to be injured by Defendants' infringement of the '803 patent.  Corus is entitled to recover damages adequate to compensate it for Defendants' infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

47.     Unless enjoined by this Court, Defendants' acts of infringement will continue to damage Corus irreparably.

**PRAYER FOR RELIEF**

WHEREFORE, Corus respectfully prays that this Court:

a.  Enter a judgment that Defendants have infringed the '803 patent;

b.  Grant a permanent injunction restraining and enjoining Defendants and their officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, and attorneys from directly or indirectly infringing the '803 patent;

c.  Award Corus damages in an amount sufficient to compensate Corus for Defendants' infringement of the '803 patent, but not less than a reasonable royalty, together with interests and costs;

d.  Award Corus enhanced damages under 35 U.S.C. § 285;

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

e. Award treble damages and prejudgment interest to Corus under 35 U.S.C. § 284; and

f. Grant such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Corus hereby demands a jury trial on all issues appropriately triable by a jury.

DATED: June 11, 2018

**Kilpatrick Townsend & Stockton LLP**


*s/ Dario Machleidt*
Dario Machleidt (State Bar No. 41860)
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
206-467-9600

Mitch Stockwell (*pro hac vice* to be filed)
Wab Kadaba (*pro hac vice* to be filed)
Charles Pannell (*pro hac vice* to be filed)
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA  30309
404-815-6500

*Attorneys for Plaintiff Corus Realty Holdings, Inc.*