HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORUS REALTY HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZILLOW GROUP, INC.; ZILLOW, INC.; and TRULIA, LLC, <br><br> Defendants. | Case No. 2:18–cv–00847–JLR <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> NOTE ON MOTION CALENDAR: <br> December 4, 2018 |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER - 1
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

2. **DEFINITIONS**

    2.1    "CONFIDENTIAL" Material:

"Confidential material" shall include the documents, tangible things, and other information produced or otherwise exchanged that contains or reflects information that is confidential, proprietary and/or commercially sensitive and includes:

    (i)    information about the producing party's product development, design, or specifications for commercial products;

    (ii)    information the producing party is obligated by law to maintain in confidence;

    (iii)    accounting/financial information, books, and records that are not made public;

    (iv)    sales information about commercial products that are not made public, including information on pricing and sales volumes;

    (v)    customer information and data;

    (vi)    business and marketing plans, strategies, analyses, or surveys;

    (vii)    information on producing party's competitors and competitive environment;

    (viii)    contracts and agreements or any draft, negotiations, or summaries thereof

    (ix)    information that is subject to the privacy interest of any individual (e.g., medical records, financial information, etc.).

    2.2 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material: "Highly Confidential Attorneys' Eyes Only material" is "confidential material" that includes extremely commercially sensitive information, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information shall include but is not limited to trade secrets, confidential research and development, any non-public financial, technical, marketing, pricing and revenue information, and any other commercially sensitive trade secret information.

STIPULATED PROTECTIVE ORDER - 2
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

2.3 "HIGHLY CONFIDENTIAL – SOURCE CODE" Material: "Highly Confidential Source Code material" is "confidential material" that includes extremely commercially sensitive computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

STIPULATED PROTECTIVE ORDER - 3
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

      (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)    the court, court personnel, and court reporters and their staff;

      (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

      (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

      (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

      (h)    any person the parties agree to in writing.

4.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Materials.</u> Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Highly Confidential Attorneys' Eyes Only or Source Code materials only to:

      (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

STIPULATED PROTECTIVE ORDER - 4
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

(b) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and to whom the procedures set forth in paragraph 4.4, below, have been followed;

(c) the court, court personnel, and court reporters and their staff;

(d) copy or imaging services retained by counsel to assist in the duplication of confidential material provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.; and

(f) any person the parties agree to in writing.

4.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"</u>:

(a) Unless otherwise ordered by the court or agreed to in writing by the designating party, a party that seeks to disclose to an expert or consultant any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 4.3(b) first must make a written request to the designating party that (1) identifies what category of information, whether it is "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," that the receiving party seeks permission to disclose to the expert or consultant, (2) sets forth the full name of the expert or consultant and the city and state of his or her primary residence, (3) attaches a copy of the expert or consultant's current resume, (4) identifies the expert or consultant's current employer(s), (5) to the extent non-confidential and not privileged, identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional

STIPULATED PROTECTIVE ORDER - 5
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject protected material to the identified expert or consultant unless, within 7 days of delivering the request, the party receives a written objection from the designating party. Any such objection must set forth in detail the grounds on which it is based.

(c) A party that receives a timely written objection must meet and confer with the designating party to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the party seeking to make the disclosure to the expert or consultant may seek a conference with the Court pursuant to the Court's Order of September 12, 2018 and, if necessary, file a motion as provided in Local Civil Rule 7 seeking permission from the court. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert or consultant is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure.

In any such proceeding, the party opposing disclosure to the expert or consultant shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the protected material to its expert or consultant.

STIPULATED PROTECTIVE ORDER - 6
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

4.5   <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.   DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

STIPULATED PROTECTIVE ORDER - 7
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

(a) <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains such material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or, for source code related materials, "HIGHLY CONFIDENTIAL – SOURCE CODE." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the appropriate designation in the manner described above.

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word

STIPULATED PROTECTIVE ORDER - 8
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 **Timing of Challenges.** Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 **Meet and Confer.** The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 **Judicial Intervention.** If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

STIPULATED PROTECTIVE ORDER - 9
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. **PROSECUTION BAR**

Absent written consent from the producing party, any individual who receives access to Highly Confidential Attorneys' Eyes Only material that is of a technical nature or Highly Confidential Source Code material shall not be involved in the prosecution of patents or patent applications directed to real-estate mobile software applications, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, this paragraph does not preclude an individual from representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* review or reexamination)—however, in the case where the individual is defending a patent before a domestic or foreign agency, while that individual may participate in the defense of the patent, that individual may not suggest, review, direct, or prepare any claim amendments. This Prosecution Bar shall begin when access to the Highly Confidential Attorneys' Eyes Only material that is of a technical nature or Highly Confidential Source Code material is first received by the affected individual and shall end two (2) years after the receiving individuals involvement with this action ends or two (2) years after final termination of this action, whichever comes first.

STIPULATED PROTECTIVE ORDER - 10
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

8. <u>SOURCE CODE</u>

8.1 To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with Paragraph 2.3 above.

8.2 Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections specific in this Order including the Prosecution Bar set forth in Paragraph 7, and may be disclosed only to the individuals identified in section 4.3 above.

8.3 Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at the Seattle office (or closest office if there is no Seattle office) of the producing party's lead counsel or another mutually agreed upon location. The source code shall be made available for inspection on at least two secured computers ("Source Code Computers") in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, edit, or otherwise transfer any portion of the source code onto any recordable media or recordable device. No smart phones or other recording devices or cameras may be brought into the room containing the Source Code Computers. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, editing, copying, or transmission of the source code, and not to monitor or review the notes, work product, or sections of the code reviewed by the representative. Absent agreement to the contrary, the receiving party must give at least five (5) business days' notice of its intent to inspect source code so the producing party can ensure that adequate staffing is available to facilitate and monitor the source code review.

8.4 The receiving party may use appropriate tool software on the Source Code Computers, which shall be installed by the producing party, including at least one text viewer, for instance, Visual Slick Edit, that is capable of printing out Source Code with page and line numbers and at least one multi-file text search tool, for instance "grep." Licensed copies of other mutually

STIPULATED PROTECTIVE ORDER - 11  
Case No. 2:18-cv-00847-JLR  
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP  
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101  
206-467-9600

agreed upon tool software will be installed on the Source Code Computers by the producing party. The receiving party shall pay all costs associated with the purchase and installation of such software tools, and must provide the producing party with copies of such software tool(s) at least five (5) business days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the Source Code Computers. If the agreed upon tool software requires a license, the receiving party shall provide the producing party with a CD or DVD (or URL, as applicable) containing licensed copies of all software tool(s) to be loaded on the Source Code Computers. Such request should be made at least five (5) business days in advance of the date upon which the receiving party wishes to have the software tools available for use on the Source Code Computers. To the extent the reviewing party makes any notes on the contents of the source code, such notes shall also be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" and in no event may any notes made during or after the review copy any portion of the source code verbatim.

      8.5    The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code. The producing party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." Absent agreement of the parties, a receiving party may not request more than 25 consecutive pages of code, and no more than 350 total pages of code. Any challenges to or modifications of the limitations on the amount of source code to be printed may be made pursuant to the dispute resolution procedure and timeframes set forth herein. The receiving party shall have the burden of showing why the additional printed code is necessary to the case and why the necessity of disclosure of this additional code outweighs the highly confidential nature of the source code.

      8.6    Access to source code material shall be limited to up to three (3) outside consultants or experts of the receiving party (i.e., not existing employees of a party or an affiliate of a party)

STIPULATED PROTECTIVE ORDER - 12
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

retained for the purpose of this action and approved to access such protected materials pursuant to the above. The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic form. The receiving party shall maintain all paper copies of any printed portions of the source code, as well as any notes created during the review of the source code, in a secured, locked area. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other individual.

      8.7    Upon request of the deposing party, and to the extent reasonably necessary, a computer with the source code of the party being deposed will be made available during deposition, at the offices of the lead counsel of the producing party, with a connected printer to allow for any additional source code that is reasonably necessary during the deposition to be printed out and identified by production numbers or source code file name and line numbers, as appropriate. Any paper copies of source code used during a deposition shall not be provided to the court reporter or attached to deposition transcripts. All paper copies used during the deposition shall be collected and secured by the party using the paper copy of source code at the deposition at the conclusion of the deposition. Any source code that is printed out in this manner that the receiving party wishes to keep after the deposition shall be subject to the provisions of sub-paragraphs 8.5 and 8.6 above.

9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

      If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY

STIPULATED PROTECTIVE ORDER - 13
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that party must:

    (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

STIPULATED PROTECTIVE ORDER - 14
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

12. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: <u>December 4, 2018</u>          <u>*s/ Dario Machleidt*</u>
                                         Attorneys for Plaintiff

DATED: <u>December 4, 2018</u>          <u>*s/ Stevan Stark (w/ permission)*</u>
                                         Attorneys for Defendant

STIPULATED PROTECTIVE ORDER - 15
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: 5 December 2018

_____
HONORABLE JAMES L. ROBART
United States District Court Judge

STIPULATED PROTECTIVE ORDER - 16
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Corus Realty Holdings, Inc v. Zillow Group, Inc et al.*, Case No. 2:18-cv-00847-JLR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 17
Case No. 2:18-cv-00847-JLR
141830816.1

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600