HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORUS REALTY HOLDINGS, INC., <br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, INC.; ZILLOW, INC.; and TRULIA, LLC,<br><br>Defendants. | Case No. 2:18−cv−00847−JLR<br><br>**JOINT CLAIM CHART AND PREHEARING STATEMENT** |

Pursuant to the Minute Order Setting Trial Dates and Related Dates, (ECF No. 22), Local Patent Rule 132, and the Court's Standing Order for Patent Cases, Plaintiff Corus Realty Holdings, Inc. ("Corus" or "Plaintiff") and Defendants Zillow Group, Inc., and Zillow, Inc. (collectively, "Zillow") and Trulia, LLC ("Trulia") (collectively, "Defendants"), through their respective undersigned counsel, hereby provide the following Joint Claim Chart and Prehearing Statement with respect to the asserted claims of U.S. Patent No. 6,636,803 C1 ("the '803 Patent"). The parties reserve the right to amend this Joint Claim Chart and Prehearing Statement, as contemplated in the Court's Standing Order for Patent Cases.

## I. Plaintiff's Allegations of Infringement

Plaintiff alleges that each of the Defendants infringes claims 1–6, 8–10, 14–18, 20–23, 25–27, 30–31, and 33–38 of the '803 Patent under 35 U.S.C. §§ 271(a), (b), (c), and (f). In particular, Plaintiff alleges that the following accused devices infringe the following claims of the '803 Patent:

| Accused Device | Asserted Claims |
|---|---|
| The Zillow Real Estate mobile application for various mobile devices, including smartphones and tablets, on various operating systems (*e.g.*, iOS, Android), and its respective desktop, website, and server software and interfaces used to provide data and functionality for the mobile application | 1–6, 8–10, 14–18, 20–23, 25–27, 30–31, and 33–38 |
| The Trulia Real Estate mobile application for various mobile devices, including smartphones and tablets, on various operating systems (*e.g.*, iOS, Android), and its respective desktop, website, and server software and interfaces used to provide data and functionality for the mobile application | 1–6, 8–10, 14–18, 20–23, 25–27, 30–31, and 33–38 |
| The Zillow Rentals mobile application for various mobile devices, including smartphones and tablets, on various operating systems (*e.g.*, iOS, Android), and its respective desktop, website, and server software and interfaces used to provide data and functionality for the mobile application | 14–18, 20–23, 25–27, 30–31, and 33–38 |
| The Trulia Rentals mobile application for various mobile devices, including smartphones and tablets, on various operating systems (*e.g.*, iOS, Android), and its respective desktop, website, and server software and interfaces used to provide data and functionality for the mobile application | 14–18, 20–23, 25–27, 30–31, and 33–38 |
| The HotPads mobile application for various mobile devices, including smartphones and tablets, on various operating systems (*e.g.*, iOS, Android), and its respective desktop, website, and server software and interfaces used to provide data and functionality for the mobile application | 1–6, 8–10, 14–18, 20–23, 25–27, 30–31, and 33–38 |

## II. Defendants' Allegations of Invalidity

Defendants contend that all the asserted claims of the '803 Patent are invalid. All the asserted claims are invalid under 35 U.S.C. 101, 102, 103, and 112 as directed to unpatentable subject matter, anticipated, obvious, and indefinite. Claims 1–6, 8–10, 30–31, and 33–38 of the '803 Patent are invalid under 35 U.S.C. § 305 for incorporating impermissible amendments in

reexamination. Claims 30–31, and 33–38 of the '803 Patent are invalid under 35 U.S.C. § 112 for lack of written description.

The following is a listing of prior art that anticipates or renders the claims obvious:

- 4,870,576 ("Tornetta '576")
- 5,032,989 ("Tornetta '989")
- 5,852,810 ("Sotiroff")
- 5,930,699 ("Bhatia")
- 5,938,721 ("Dussell")
- 5,944,769 ("Musk")
- 6,091,956 ("Hollenberg")
- 6,285,347 ("Watanabe '347")
- 6,321,158 ("DeLorme")
- 6,323,885 ("Wiese")
- 6,385,541 ("Blumberg '541")
- 6,397,208 ("Lee")
- 6,411,274 ("Watanabe '274")
- 6,484,176 ("Sealand")
- 6,487,495 ("Gale")
- 6,496,776 ("Blumberg '776")
- 6,552,682 ("Fan")
- 6,597,983 ("Hancock")
- 6,691,114 ("Nakamura")
- 6,801,778 ("Koorapaty")
- 6,836,270 ("Du")
- 6,871,140 ("Florance")
- 6,985,874 ("Ebihara")
- 7,072,665 ("Blumberg '665")
- 2002/0052786 ("Kim")
- 2002/0147613 ("Kennard")
- 2002/0163547 ("Abramson")
- 2003/0064705 ("Desiderio")
- JPH1063731A ("Motomiya")
- JPH11194707 ("Yamakage")
- JP2001297091A ("Kato")
- JP2001306667A ("Oshima")
- JP2002123589A ("Kinoshita")
- EP1160694A2 ("Hegedus")
- Williamson et al., *The Dynamic HomeFinder: Evaluating dynamic queries in a real-estate information exploration system*, Proceedings of the 15th annual international ACM SIGIR conference on Research and development in information retrieval (1992) ("Williamson")

- Cyberhomes.com (1997 or earlier)
- Thrall, *GIS Applications in Real Estate and Related Industries*, Journal of Housing Research (1998) ("Thrall")
- Zaddack, *Real Estate Applications for GIS: A Review of Existing Conditions and Future Opportunities*, Real Estate Issues (1998) ("Zaddack")
- Jain et al., *Location Strategies for Personal Communication Services*, Mobile Communications Handbook (1999) ("Jain")
- Artem, *Management of Geographic Information in Mobile Environment*, University of Jyväskylä (2000)
- Jana et al., *Location Based Services in a Wireless WAN Using Cellular Digital Packet Data*, Proceedings of the 2nd ACM international workshop on Data engineering for wireless and mobile access (May 20, 2001) ("Jana")
- Ratsimor et al., *Agents2go: An infrastructure for location-dependent service discovery in the mobile electronic commerce environment*, WMC '01 Proceedings of the 1st international workshop on Mobile commerce (July 14, 2001) ("Ratsimor")
- Combee et al., *Palm OS Web Application Developer's Guide*, Syngress Publishing (July 22, 2001) ("Palm OS Developer's Guide")
- Pitoura et al., *Locating Objects in Mobile Computing*, IEEE Transactions on Knowledge and Data Engineering (August 2001) ("Pitouria")
- Mitchell et al., *Wireless Mapping and Guidance Systems*, Proceedings of the 20th International Cartographic Conference (August 2001) ("Mitchell")
- Östman, *A study of Location-Based Services including design and implementation of an enhanced Friend Finder Client with mapping capabilities*, Luleå Tekniska Universitat (August 2001) ("Ostman")
- Preston et al., *Location Services: The Importance of Location in the Location-Transparent Medium of the Internet*, The proceedings of the SATNAC 2001 Conference (September 2001) ("Preston")
- Palm Computing / 3Com Palm VII device (1999)

### III. Joint Claim Chart

A Joint Claim Chart in the format provided in the Sample Joint Claim Chart found at the end of the Court's Standing Order for Patent Cases is attached as Exhibit A to this Joint Claim Chart and Prehearing Statement. The Joint Claim Chart includes each party's proposed construction of disputed terms, together with specific references to the relevant portions of the specification and the prosecution history, and descriptions of the extrinsic evidence to be used. Appendix 1 to the Joint Claim Chart includes copies of the patent in dispute, together with the relevant prosecution history, as well as copies of the extrinsic evidence cited in the Joint Claim

Chart. The parties will have the complete prosecution history of the patent in dispute available at the Court's request.

IV.     **LPR 132 Disclosures**

    a)  **The construction of those claim terms, phrases, or clauses on which the parties agree;**

The parties have agreed to the constructions of the following claim terms, phrases or clauses.

| Claim Term, Phrase, Element | Agreed Construction |
|---|---|
| "remote data source"<br><br>Found in claim numbers:<br><br>'803 Patent: 1, 30 | "external data source, such as a database or remote server connected to a network such as the Internet" |
| "database"<br><br>Found in claim numbers:<br><br>'803 Patent: 1, 30 | "a collection of data arranged for search and retrieval" |
| "a sixth code section for generating said digital map from the current location data received in said sixth code section"<br><br>Found in claim number:<br><br>'803 Patent: 30 | "a sixth code section for generating said digital map from the current location data received in said fifth code section" |

    b)  **Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim in the format of the Sample Joint Claim Chart in Appendix 2 to these Local Patent Rules;**

As noted in Section III, *supra*, a Joint Claim Chart in the format provided in the Sample Joint Claim Chart found at the end of the Court's Standing Order for Patent Cases is attached as Exhibit A to this Joint Claim Chart and Prehearing Statement. The Joint Claim Chart includes each party's proposed construction of disputed terms, together with specific references to the relevant portions of the specification and the prosecution history, and descriptions of the extrinsic evidence to be used. Appendix 1 to the Joint Claim Chart includes copies of the patent in dispute, together with the relevant prosecution history, as well as copies of the extrinsic evidence cited in the Joint Claim Chart.

> **c) The ten most important disputed claim terms. If the parties cannot agree on such terms, then they shall set forth the disputed terms upon which they agree, and each party shall identify any additional terms it believes should be construed, with a brief explanation as to why it believes the construction of such terms are important. The Court will construe a maximum of ten claim terms at the initial Markman hearing, unless the Court determines otherwise. Prioritization should be guided by the twin goals of narrowing the issues and choosing the ten claim terms for which a claim construction would be most productive in terms of setting the groundwork for possible settlement;**

As reflected in the Joint Claim Chart attached hereto as Exhibit A, the parties present a total of only six (6) disputed claim terms for construction.

> **d) The anticipated length of time necessary for the Claim Construction Hearing;**

The parties propose that the full five (5) hours contemplated in the Court's Standing Order for Patent Cases be reserved for the Claim Construction Hearing, including short tutorial presentations described in section "g" below, with the overall time being split evenly between the parties.

**e) The proposed order of presentation at the Claim Construction Hearing;**

The parties propose the following order of presentation at the Claim Construction Hearing: The hearing proceed term-by-term in the order the disputed terms or phrases appear in the Joint Claim Chart, with the Court hearing arguments from each side before moving on to the next disputed term or phrase. For terms or phrases that the Defendants allege render the claim indefinite, Defendants would present their argument first, followed by Plaintiff. For all other disputed terms or phrases, Plaintiff would present its argument first, followed by Defendants.

**f) The parties' position on whether, why, and the extent to which the Court should consider live testimony at the Claim Construction Hearing, including the identity of any witnesses a party proposes to call, and for each expert, the disclosure required by Fed. R. Civ. P. 26(a)(2)(B) as to opinions to be offered at the Claim Construction Hearing;**

At present, the parties do not believe the Court should consider live testimony at the Claim Construction Hearing. The parties believe the declaration and deposition testimony provided by the parties' respective experts is sufficient, and the parties reserve the right to rely on that declaration and deposition testimony in their respective presentations at the Claim Construction Hearing.

**g) The parties' position as to whether there should be a tutorial on the subject matter of the patent(s) at issue and, if so, the timing of such a tutorial;**

Although the parties do not believe that a separate hearing for a tutorial is necessary, the parties believe that the Court would benefit from initial presentations from each side regarding the technology at issue. As such, the parties propose that tutorials be presented at the beginning of the Claim Construction Hearing, with each side's tutorial presentation being limited to no more than 45 minutes.

    h)    Whether a pre-hearing conference, prior to the Claim Construction Hearing, is necessary and, if so, the proposed subjects to be addressed and proposed dates for such conference; and

At present, the parties do not believe a pre-hearing conference, prior to the Claim Construction Hearing, is necessary.

    i)    Whether the parties believe the Court should appoint an independent expert.

At present, the parties do not believe the Court should appoint an independent expert.

DATED: April 3, 2019

| By: *s/ Dario Machleidt* | By: *s/ Stevan R. Stark* |
|---|---|
| Dario Machleidt, WSBA No. 41860 | Ramsey M. Al-Salam, WSBA No. 18822 |
| DMachleidt@kilpatricktownsend.com | RAlSalam@perkinscoie.com |
| KILPATRICK TOWNSEND & STOCKTON LLP | Antoine M. McNamara, WSBA No. 41701 |
| | AMcNamara@perkinscoie.com |
| 1420 Fifth Avenue, Suite 3700 | Stevan R. Stark, WSBA No. 39639 |
| Seattle, WA 98101 | SStark@perkinscoie.com |
| Phone: 206-467-9600 | Tyler Roberts, WSBA No. 52688 |
| | TRoberts@perkinscoie.com |
| Mitch Stockwell *(pro hac vice)* | PERKINS COIE LLP |
| MStockwell@kilpatricktownsend.com | 1201 Third Avenue, Suite 4900 |
| Wab Kadaba *(pro hac vice)* | Seattle, WA 98101 |
| WKadaba@kilpatricktownsend.com | Phone: (206) 359-8000 |
| Charles Pannell *(pro hac vice)* | Fax: (206) 359-9000 |
| CPannell@kilpatricktownsend.com | |
| Joshua Lee *(pro hac vice)* | |
| JLee@kilpatricktownsend.com | *Counsel for Defendants Zillow Group, Inc., Zillow, Inc., and Trulia, LLC* |
| KILPATRICK TOWNSEND & STOCKTON LLP | |
| 1100 Peachtree Street NE, Suite 2800 | |
| Atlanta, GA 30309 | |
| Phone: 404-815-6500 | |

*Counsel for Plaintiff Corus Realty Holdings, Inc.*

## CERTIFICATE OF SERVICE

I, Dario Machleidt, hereby certify that on April 3, 2019, I caused a true and correct copy of the foregoing JOINT CLAIM CHART AND PREHEARING STATEMENT to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants.

*s/ Dario Machleidt*
Dario Machleidt