UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORUS REALTY HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZILLOW GROUP, INC., et al, <br><br> Defendants. | CASE NO. C18-0847JLR <br><br> ORDER GRANTING MOTIONS TO SEAL |

## I. INTRODUCTION

Before the court are five motions to seal:

- Defendants Zillow Group, Inc., Zillow, Inc., and Trulia, LLC's (collectively, "Zillow") motion to seal (Zillow MTS (Dkt. # 55));

- Plaintiff Corus Realty Holdings, Inc.'s ("Corus") first motion to seal (1st Corus MTS (Dkt. # 66));

- Corus's second motion to seal (2d Corus MTS (Dkt. # 78));

- Corus's third motion to seal (3d Corus MTS (Dkt. #86)); and
- Corus's fourth motion to seal (4th Corus MTS (Dkt. # 98)).

The motions are unopposed, and the parties did not file responses to Zillow's motion to seal or Corus's first motion to seal. (*See generally* Dkt.) Zillow filed responses to Corus's second, third, and fourth motions to seal in which it supported sealing the requested documents. (*See* Zillow Resp. to 2d Corus MTS (Dkt. # 83); Zillow Resp. to 3d Corus MTS (Dkt. # 96); Zillow Resp. to 4th Corus MTS (Dkt. # 104).) The court has considered the motions, the parties' submissions concerning the motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS the Motions.

## II. BACKGROUND

The court has detailed this case's factual and procedural background in prior orders and will not repeat it in detail here. (*See, e.g.*, CC Order (Dkt. # 51) at 1-7.) In short, this is a patent infringement case in which Corus alleges that several mobile applications created by Zillow (the "Zillow Apps") infringe on U.S. Patent No. 6,636,803 (the "'803 Patent").

## III. ANALYSIS

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135

---

[1] Neither party requests oral argument (*see* Zillow MTS at 1; 1st Corus MTS at 1; 2d Corus MTS at 1; 3d Corus MTS at 1; 4th Corus MTS at 1), and the court concludes that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

(9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The standard for determining whether to seal a record depends on the filing to which the sealed record is attached. *See id.* at 1136-37. Because the sealed documents at issue here are attached to motions that are "more than tangentially related to the merits of [this] case," the court applies the compelling reasons standard to determine if sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-102 (9th Cir. 2016).

Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted). A failure to meet that burden means that the record will be filed in public. *Id.* at 1182. If a court decides to seal a record, it must "base its decision on a compelling reason and articulate the factual basis for its ruling." *Id.* at 1179 (quoting *Hagestad*, 49 F.3d at 1434).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

//

U.S. 589, 598 (1978)). The final determination of what constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

In addition, in the Western District of Washington, parties seeking to file documents under seal must follow the procedure laid out in Local Rule 5(g). *See* Local Rules W.D. Wash. LCR 5(g). Pursuant to Local Rule 5(g), a party filing a motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document[s] under seal." *Id.* LCR 5(g)(3)(A). The party seeking to seal the documents must also explain the bases for requiring the relief. *Id.* LCR 5(g)(3)(B).

The court finds that the parties have complied with Local Civil Rule 5(g) and that there are compelling reasons to seal the documents at issue. The documents the parties seek to maintain under seal contain Zillow's confidential and proprietary source code, technology, and other trade secrets. Moreover, the motions are unopposed. Therefore, the court GRANTS the motions.

## IV. CONCLUSION

The court GRANTS the following motions:

- Zillow's motion to seal (Dkt. # 55)
- Corus's first motion to seal (Dkt. # 66);
- Corus's second motion to seal (Dkt. # 78);
- Corus's third motion to seal (Dkt. #86); and

//

//

- Corus's fourth motion to seal (Dkt. # 98).

The court further DIRECTS the clerk to maintain the seal on Dkt. ## 60, 67, 70, 80, 90, and 103.

Dated this 11th day of February, 2020.

JAMES L. ROBART
United States District Judge

ORDER - 5