UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORUS REALTY HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZILLOW GROUP, INC., et al., <br><br> Defendants. | CASE NO. C18-0847JLR <br><br> ORDER REGARDING ORAL ARGUMENT |

On February 7, 2020, the court set a hearing for February 14, 2020, to hear oral argument on Defendants Zillow Group, Inc., Zillow, Inc., and Trulia, LLC's (collectively, "Zillow") motion for summary judgment (Zillow MSJ (Dkt. # 68)) and Plaintiff Corus Realty Holdings, Inc.'s ("Corus") motion for partial summary judgment regarding invalidity (Corus MPSJ (Dkt. # 65)). (*See* 2/7/20 Dkt. Entry.) In addition to the merits of the respective motions, the parties should be prepared to provide the court

//

with additional citations to authorities, if warranted, and to address the following issues at the February 14, 2020, hearing:

(1) Whether the court should dismiss Zillow's counterclaim for a declaratory judgment of noninfringement as moot if the court grants summary judgment in favor of Zillow on Corus's infringement claim. *See Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB, 2013 WL 2090298, at *4 (C.D. Cal. May 1, 2013) (dismissing a defendant's counterclaim for declaratory judgment of noninfringement as duplicative of the plaintiff's infringement claim because the counterclaim did "not serve any useful purpose"); *see also Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 198 (2014) (holding that in a declaratory judgment action for noninfringement, "the burden of persuasion is with the patentee, just as it would be had the patentee brought an infringement suit");

(2) Which of the following actions the court should take with respect to Zillow's counterclaim for a declaratory judgment of invalidity if the court grants summary judgment in favor of Zillow on Corus's infringement claim:

(a) Dismiss the counterclaim without prejudice;

(b) Stay the counterclaim and entertain a motion for entry of final judgment of Corus's infringement claim pursuant to Federal Rule of Civil Procedure 54(b); or

(c) Hear the claim on its merits.

*See, e.g.*, *Korszun v. Pub. Techs. Multimedia, Inc.*, 96 F. App'x 699, 700 (Fed. Cir. 2004) (holding that where a district court has granted summary judgment of noninfringement, the district court may hear an invalidity counterclaim on the merits, dismiss the

counterclaim, or, where proper, enter judgment under Federal Rule of Civil Procedure 54(b)); *see also Nystrom v. TREX Co.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003); *Nautilus Grp., Inc. v. Icon Health And Fitness, Inc.*, 308 F. Supp. 2d 1224, 1226 (W.D. Wash. 2003).

Dated this 11th day of February, 2020.

JAMES L. ROBART
United States District Judge