HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORUS REALTY HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZILLOW GROUP, INC.; ZILLOW, INC.; and TRULIA, LLC, <br><br> Defendants. | Case No. 2:18−cv−00847−JLR <br><br> **DECLARATION OF CHARLES A. PANNELL IN SUPPORT OF CORUS REALTY HOLDINGS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

I, Charles A. Pannell, hereby declare I am a counsel at Kilpatrick Townsend & Stockton, LLP, counsel for Plaintiff Corus Realty Holdings, Inc. ("Corus" or "Plaintiff") in this action. I make this declaration of my own personal knowledge unless otherwise indicated.

1. On December 7, 2018, Corus served infringement contentions, copies of which were filed on the docket of this litigation at Dkt. No. 59-4. In those contentions, Corus asserted the Defendants infringed all limitations of independent claims 1, 14, and 30. For the claim limitations concerning storage of property information in a database on the mobile device, Corus identified that the accused products downloaded residential property information from Defendants' network to a mobile phone for the properties within a geographic area selected by the user. *See, e.g.,* Dkt. No. 59-4 at 56 (Claim 30). The products were further accused of "storing the database of information on the user's device for use by the application as the user browses to different properties," Dkt. No. 59-4 at 56 (Claim 30), and Corus provided an image showing the

property information displayed to the user as they browsed properties. As the contentions further detail, the products will access that property information when users select map icons, *Id.* at 20, 40-41, 60, and additional information is continually downloaded "to supplement the property information initially obtained for the area of interest." *Id.* at 56. The individual contentions for each database limitation can be seen below.



Claim 1, Dkt. No. 59-4 at 17.

PANNELL DECLARATION ISO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION            - 2 -
Case No. 2:18-cv-00847-JLR

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

> **Accused Elements, Structure, and Acts of the Zillow Real Estate Application**[1]
>
> The mobile devices with the Zillow mobile application installed have memory that stores information on residential properties it obtains from the Defendants' network. The Zillow mobile application has code to initiate the storage of property information in device memory for display to users in an area of interest. The property information stored by the application includes MLS data on location, market price, and market status. *See e.g.*, https://zillow.zendesk.com/hc/en-us/articles/213394668-Where-does-Zillow-get-its-listings-

Claim 14, Dkt. No. 59-4 at 38.

> **Accused Elements, Structure, and Acts of the Zillow Real Estate Application**[1]
>
> The Zillow mobile application contains a code section structure that causes the device to download residential property information from Defendants' network servers when a geographical area is selected. The code section is programmed to cause the device to store the database of information on the user's device for use by the application as the user browses to different properties. As a user selects properties of interest, the code is programmed to cause the continual downloading of additional information on the property to supplement the property information initially obtained for the area of interest.
>
> 
>
> CORUS0003637; *see also* CORUS0003619.

Claim 30, Dkt. No. 59-4 at 56.

2. Corus took discovery of Defendants and deposed its technical witnesses that described the process for downloading information to the accused products and how the system searched and retrieved the information from memory when a user selected an icon. For example,

PANNELL DECLARATION ISO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION  - 3 -
Case No. 2:18-cv-00847-JLR

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

Zillow explained that the data was downloaded to RAM where it could be searched and retrieved when a user selected an icon as they reviewed properties. Dkt. No. 80.1 at 159:7-160:3, 208:9-210:2 (Yamanaka Depo.)

3. Dr. Martin described the same process in his report demonstrating from his analysis that

> When the area of interest is identified, whether it is due to an assessment of the device's location or because the user has otherwise specified it, the app contacts a remote server over the Internet using a URL and requests property information corresponding to that area.

Dkt. No. 60, Ex. 6 ¶4. He opined from his analysis observations of how the system worked that.

> The initial information returned from the remote server includes, for the properties in an area of interest, information on residential properties that show market status (e.g., for sale), the property location, and a market price for each property in the area.

*Id.* at ¶47. As Dr. Martin explained the property information used by the system when a user interacts and browses the icons was stored on the RAM.

> The property information obtained from the Zillow servers is physically stored in the RAM of the mobile device using the Zillow app. The Zillow app searches for and retrieves this property information from memory as shown throughout the videos, by displaying property icons at specific map locations and displaying property card information appropriate to the user interaction.

*Id.* at ¶53. When a user selects the icon, the property information is displayed in a property card, and a user can obtain additional information by selecting that card.

> Basic property information for each property shown in a selected area is downloaded to the device and can be seen on the icon itself through numbers and colors and can also be displayed to the user in property cards whenever a user selects the property icon on the map or displays list view. When a user taps the property card, additional details about the property are downloaded and displayed to the user.

*Id.* at ¶49.

4. Attached hereto as Exhibit A is a copy of excerpts of the deposition testimony of Michael Gorman, dated August 2, 2019.

PANNELL DECLARATION ISO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION - 4 -
Case No. 2:18-cv-00847-JLR

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

5. Attached hereto as Exhibit B is a copy of excerpts of the Summary Judgment Hearing Transcript dated February 14, 2020.

6. Attached hereto as Exhibit C is a copy of excerpts of the deposition testimony of Michelle Otter, dated July 29, 2019.

7. Attached hereto as Exhibit D is a true and correct copy of an email dated February 15, 2019 from Dario Machleidt, counsel for Corus, to Perkins Coie, counsel of record for Defendants that drops Plaintiff's assertion of Claim 19.

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge.

Executed this 4th day of May, 2020, at Atlanta, Georgia.

*s/ Charles A. Pannell*
Charles A. Pannell

PANNELL DECLARATION ISO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION    - 5 -
Case No. 2:18-cv-00847-JLR

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600