UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORUS REALTY HOLDINGS, INC., | CASE NO. C18-0847JLR |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES |
| v. | |
| ZILLOW GROUP, INC., et al, | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Defendants Zillow Group, Inc., Zillow, Inc., and Trulia, LLC's (collectively, "Defendants" or "Zillow") motion for attorneys' fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and/or the court's inherent authority.  (Mot. (Dkt. # 145).) Plaintiff Corus Realty Holdings, Inc. ("Corus") opposes the motion.  (Resp. (Dkt. # 150).)  The court has considered the motion, the parties' submissions in support of and

//

ORDER - 1

1    in opposition to the motion, the relevant portions of the record, and the applicable law.

2    Being fully advised,[1] the court DENIES Zillow's motion.

3                           **II.    BACKGROUND**

4    **A.    Factual Background**

5          The facts of this case have been set forth in prior orders (*see, e.g.*, MSJ Order

6    (Dkt. # 138)), so the court here provides only a limited summary of the facts relevant to

7    this motion.  This is a trademark infringement case in which Corus sued Zillow for

8    infringing on its U.S. Patent No. 6,636,803 ("the '803 Patent"), entitled "Real-Estate

9    Information Search and Retrieval System." (*See* Compl. (Dkt. # 1) ¶ 1; *see also id.* ¶ 16,

10   Ex. A.)  The Patent covers systems and methods that use digital technology to locate

11   property and provide information in connection with a real-estate transaction ("the

12   Invention").  (*See, e.g.*, '803 Patent at B1 4:4-6.)  Corus alleged that Zillow infringed on

13   the '803 Patent through developing, advertising, and making available the Zillow Real

14   Estate mobile application, the Trulia Real Estate mobile application, the Zillow Rentals

15   mobile application, the Trulia Rentals mobile application, and the HotPads mobile

16   _____

17         [1] Zillow does not request oral argument (*see* Mot. at 1), but Corus does (*see* Resp. at 1).
     Oral argument is not necessary where the non-moving party suffers no prejudice.  *See Houston v.*
18   *Bryan*, 725 F.2d 516, 517-18 (9th Cir. 1984); *Mahon v. Credit Bureau of Placer Cty. Inc.*, 171
     F.3d 1197, 1200 (9th Cir. 1999) (holding that no oral argument was warranted where "[b]oth
19   parties provided the district court with complete memoranda of the law and evidence in support
     of their respective positions," and "[t]he only prejudice [the defendants] contend they suffered
20   was the district court's adverse ruling on the motion.").  "When a party has an adequate
     opportunity to provide the trial court with evidence and a memorandum of law, there is no
     prejudice [in refusing to grant oral argument]." *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir.
21   1998) (quoting *Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729
     (9th Cir. 1991)) (alterations in *Partridge*).  Here, the issues have been thoroughly briefed by the
22   parties, and oral argument would not be of assistance to the court.  *See* Local Rules W.D. Wash.
     LCR 7(b)(4).  Accordingly, the court DENIES Corus's request for oral argument.

1    application (collectively, "the Zillow Apps"). (*See* Stark Decl. (Dkt. # 59) ¶ 6, Ex. 4

2    ("Corus Infringement Contentions") at 3.)  Zillow denied Corus's infringement

3    allegations and counterclaimed for declaratory judgments of noninfringement and

4    invalidity.  (*See generally* Answer (Dkt. # 18).)

5    **B.    Procedural Background**

6           The Court issued its claim construction order on July 2, 2019.  (*See* CC Order (Dkt.

7    # 51).)  During claim construction the parties agreed that "database" should be construed

8    as "a collection of data arranged for search and retrieval."  (*See* Joint Claim Chart (Dkt.

9    # 35) at 5.)  The court construed the term "cellular-based location data" as "location data

10   from a cellular-based positioning system capable of tracking the position of a device in an

11   area of interest."  (CC Order at 49-50.)

12          On October 30, 2019, Zillow moved to exclude several of Corus's infringement

13   theories and portions of Dr. Martin's expert report that were untimely disclosed.  (*See*

14   Mot. to Exclude Infring. Theories (Dkt. # 58) at 1.)  The court granted the motion on

15   January 30, 2020. (*See* 1/30/2020 Order (Dkt. # 114) at 24.)  Accordingly, the court did

16   not consider the untimely infringement theories or the excluded portions of Dr. Martin's

17   report in deciding the parties' summary judgment motions.  (*See* Mot. to Exclude Infring.

18   Theories at 19-20.)

19          The court granted summary judgment in favor of Zillow on Corus's infringement

20   claims (*see* MSJ Order at 41-42) and dismissed without prejudice Zillow's counterclaim

21   for declaratory judgments of noninfringement and invalidity (*id.* at 44-45).  With respect

22   to the "database" limitations, the court concluded (1) that Corus's infringement

1    contentions stated that the Zillow Apps "store a database relating to the property

2    information" but failed to describe the structure or functionality of the alleged databases

3    on the Zillow Apps.  (*Id.* at 18-19 (citing Stark Decl. (Dkt. # 59) ¶ 6, Ex. 4 ("Corus

4    Infringement Contentions") at 16.)  The court further held that even if Corus's

5    infringement contentions explained Corus's database theories in detail, Corus presented

6    insufficient evidence to establish a genuine dispute of material fact that the Zillow Apps

7    utilize a local "database" as defined by the '803 Patent's claims.  (*Id.* at 20-22.)

8         With respect to the "cellular-based location data" limitation, the court held that the

9    '803 Patent's specification and the reexamination history showed that the cellular-based

10   location data limitations in the '803 Patent's independent claims disclaimed the use of

11   non-cellular sources of location data.  (*Id.* at 33.)  The court then held that Corus

12   presented evidence only that the Zillow Apps used "fused" or "crowd-sourced" forms of

13   location data but did not submit evidence that the Zillow Apps obtained location data

14   from a cellular-based positioning system.  (*Id.* at 33-31.)

15        The court entered judgment on March 31, 2020 (Judgment (Dkt. # 144)), and

16   Zillow timely filed its motion for fees on April 14, 2020 (*see* Mot. at 15).

17                           **III.   ANALYSIS**

18        Zillow seeks attorneys' fees under three sources of authority:  (1) 35 U.S.C. § 285,

19   (2) 28 U.S.C. § 1927, and (3) the court's inherent authority.  (*See* Mot. at 1.)  The court

20   sets forth the relevant legal standards for awarding attorneys' fees before addressing

21   Zillow's motion on the merits.

22   *//*

ORDER - 4

**A.     Legal Standards**

Under 35 U.S.C. § 285, the court "in exceptional cases may award reasonable attorney fees to the prevailing party" in a patent infringement suit.  *See* 35 U.S.C. § 285.  "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."  *Id.*  The United States Supreme Court has suggested that district courts may consider a nonexclusive list of factors that include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524 n.19 (1994)).  The Supreme Court has rejected as "overly rigid" a formula under which a case is exceptional "only if a district court either finds litigation-related misconduct of an independently sanctionable magnitude or determines that the litigation was both 'brought in subjective bad faith' and 'objectively baseless.'"  *Id.* at 554.  However, improper motivations and frivolity remain factors the court may consider in assessing a motion for fees.  *See id.* at 554 n.6.

Additionally, the court may award fees under 28 U.S.C. § 1927 or under its inherent authority.  Under 28 U.S.C. § 1927, the court may only award fees if Corus acted in subjective bad faith, which is present if Corus "knowingly or recklessly raise[d]

a frivolous argument, or argue[d] a meritorious claim for the purpose of harassing an

opponent." *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).  This

standard is similar to the standard the Ninth Circuit applies to requests for fees under the

court's inherent authority.  *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th

Cir. 2002).

Finally, district courts may award sanctions in the form of attorney's fees under

their inherent equitable powers if the court finds bad faith or "conduct tantamount to bad

faith." *Id.* (quoting *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001)) (internal quotation

marks omitted).  "Sanctions are available for a variety of types of willful actions,

including recklessness when combined with an additional factor such as frivolousness,

harassment, or an improper purpose." *Id.* (quoting *Fink*, 239 F.3d at 994) (internal

quotation marks omitted).  The decision to impose sanctions rests in the sound discretion

of the district court.  *See Air Separation v. Underwriters at Lloyd's of London*, 45 F.3d

288, 291 (9th Cir. 1994).

Inherent powers must be used only with restraint and discretion.  *Leon v. IDX Sys.

Corp.*, No. C03-1158 P, 2004 WL 5571412, at *3 (W.D. Wash. Sept. 30, 2004), *aff'd*,

464 F.3d 951 (9th Cir. 2006) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

If conduct can be sanctioned adequately under existing rules, a court ordinarily should

rely on the rules rather than on its inherent power to impose sanctions.  *Herrera v. Singh*,

103 F. Supp. 2d 1244, 1256 (E.D. Wash. 2000) (citing *Chambers*, 501 U.S. at 50).

However, "if in the informed discretion of the court, neither the statute nor the rules are

//

1    up to the task, the court may safely rely on its inherent power."  *Chambers*, 501 U.S. at

2    50.

3          The court's inherent power to sanction bad-faith conduct is based "not on which

4    party wins the lawsuit, but on how the parties conduct themselves during the litigation."

5    *See id.* at 53.  "Sanctions are available for a variety of types of willful actions, including

6    recklessness when combined with an additional factor such as frivolousness, harassment,

7    or an improper purpose."  *B.K.B.*, 276 F.3d at 1108 (quoting *Fink*, 239 F.3d at 994)

8    (internal quotation marks omitted).

9    **B.    Zillow's Motion**

10         Zillow contends that it is entitled to attorneys' fees and costs because

11   Corus's case "should never have been filed or, at the least, should not have been pursued

12   after the [c]ourt's claim construction order and/or its order excluding Corus's untimely

13   infringement theories."  (Mot. at 4.)  Zillow argues that "Corus and its counsel knew, or

14   should have known, when they filed this lawsuit that there was no merit to the

15   infringement claim."  (*Id.* at 11.)  Corus rests its assertions on three grounds:  (1) that

16   Corus's counsel knew when it filed this lawsuit "that its claims did not encompass

17   devices that rely on real-time access to a remote database of property information"; (2)

18   that Corus's counsel knew "that Zillow maintained its database of property information

19   on remote servers, and its apps cannot work without real-time access to the remote

20   database"; and (3) that Corus's counsel knew or should have known that the positions

21   between its infringement expert and its invalidity expert were irreconcilable.  (*Id.*)

22   //

ORDER - 7

1    In response, Corus contends that its "infringement claims were reasonable and

2    consistent." (Resp. at 8.)  Corus points to the expense it incurred to engage in

3    reexamination of the '803 Patent before filing suit. (*Id.*)  Corus further contends it was

4    reasonable to interpret the court's claim construction order to agree with Corus that

5    "infringement could occur even if remote data were downloaded to the local database."

6    (*Id.* at 9.)  Corus further argues that its experts' positions were not inconsistent, but even

7    if they were, such inconsistency does not justify a fee award—particularly when one of

8    their experts "had little time" to review reams of source code and to rebut Zillow's 900

9    pages of invalidity contentions and 640 pages of expert reports. (*Id.* at 12.)

10        1.  <u>35 U.S.C. § 285</u>

11    Zillow points to three primary cases it contends are analogous to the present case

12    and under which Zillow is entitled to fees under 35 U.S.C. § 285. (*See* Mot. at 12-14

13    (citing *AdjustaCam, LLC v. Newegg, Inc.,* 861 F.3d 1353, 1360-61 (Fed. Cir. 2017),

14    *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327-28 (Fed. Cir. 2013), and

15    *IPS Grp., Inc. v. Duncan Solutions, Inc.*, No. 15-CV-1526-CAB (MDD), 2018 WL

16    2215418, at *2 (S. D. Cal. May 14, 2018).)  In *AdjustaCam*, the Federal Circuit Court of

17    Appeals held that the district court's finding that a patent licensee's litigation position

18    was not exceptional was clearly erroneous.  *See AdjustaCam*, 861 F.3d at 1360-61.  The

19    court held that the plaintiff had filed a "weak" infringement lawsuit, but that the lawsuit

20    became "baseless" after the district court's claim construction order.  *Id.* at 1360.

21    Specifically, the plaintiff's patent for a computer camera clip specified that it rotated over

22    a single axis, whereas there was no dispute that the defendant's accused product rotated

1    "about at least two axes." *Id.* at 1361.  In addition, the court determined that the plaintiff

2    had litigated the case in an unreasonable manner, repeatedly using "after-the-fact"

3    declarations, serving a new expert report on the date of that expert's deposition, and filing

4    supplemental declarations making new infringement arguments for the first time to the

5    Federal Circuit on appeal.  *Id.*  Finally, the court reviewed the plaintiff's approach to

6    damages, which included "assert[ing] nuisance-value damages against many defendants,

7    settl[ing] with them for widely varied royalty rates, and continu[ing] to press baseless

8    infringement contentions well past an adverse *Markman* order and expert discovery." *Id.*

9    The court made clear that it based its clearly erroneous finding on "the totality of these

10   case-specific circumstances." *Id.* at 1362.

11          In *Taurus IP*, the Federal Circuit affirmed an award of fees under 35 U.S.C. § 285

12   where the written description of a claim limitation "provide[d] no support for [the

13   plaintiff's] unreasonably broad construction." *Taurus IP*, 726 F.3d at 1327 ("When

14   patentees have sought unreasonable claim constructions divorced from the written

15   description, this court has found infringement claims objectively baseless.").  The court

16   further reinforced the rule that "a party cannot assert baseless infringement claims and

17   must continually assess the soundness of pending infringement claims, especially after an

18   adverse claim construction." *Id.* at 1328.

19          Finally, in *IPS Group*, the Southern District of California awarded fees under 35

20   U.S.C. § 285 where the plaintiff all but ignored a dispositive claim limitation. *IPS*

21   *Group*, 2018 WL 2215418, at *2.  Specifically, the patent at issue had an independent

22   claim limitation that required that the surface of a cover panel to a parking meter have a

1   "plurality of buttons that operate the parking meter upon manipulation by a user," but the

2   allegedly infringing meter "quite obviously does not have any buttons on its cover panel."

3   *Id.* ("Indeed, this obvious deficiency with [the plaintiff's] infringement claim was

4   apparent in IPS's infringement contentions that completely failed to identify this claim

5   limitation on the accused device.").

6          This case is distinguishable from the above cases.  Although Zillow ultimately

7   prevailed on summary judgment, this was not a case, like *IPS Group*, in which Corus

8   completely ignored a claim limitation or pressed its infringement claim with no support

9   in the specification.  Here, the court does not find evidence of frivolousness or

10  baselessness.  The definition for one of the claim limitations at issue, the "database"

11  limitation, was agreed by the parties during the claim construction process, and a dispute

12  about the scope of that agreed construction arose only just before and during the

13  summary judgment stage.  (*See* MSJ Order at 21-22 (indicating that further construction

14  was necessary to resolve the parties' dispute about the difference between "search" and

15  "retrieval").)  True, Corus's infringement contentions failed to identify the specific

16  "database" allegedly at issue in the accused Zillow apps, but that is a far cry from, for

17  example, simply ignoring the claim limitation as the plaintiffs did in *AdjustaCam* and *IPS*

18  *Group*.  *See See AdjustaCam*, 861 F.3d at 1360-61; *IPS Group*, 2018 WL 2215418, at *2.

19  Corus addressed the "database" limitations in its contentions, and its failure to

20  specifically identify the structure and function of the alleged databases is better evidence

21  of an oversight than of pursuing a baseless claim.  In sum, although Corus's position

22  //

ORDER - 10

1  ultimately did not prevail on the "database" limitations, it was not frivolous or objectively

2  baseless.

3        The story is the same with respect to the "cellular-based location data" limitation.

4  Although the court's construction, based on the specification and reexamination history,

5  construed the limitation to disclaim non-cellular sources of location data, Corus's

6  ultimately unsuccessful position that the capability to use "fused" or "crowd-sourced"

7  data that interacted with cellular data in some way was not frivolous or baseless.

8        Zillow argues that at the latest, Corus should have abandoned its infringement

9  claim after the court struck portions of Dr. Martin's report that addressed untimely

10  theories with respect to the "database" limitations.  (*See* Mot. at 11.)  However, the court

11  struck those theories on January 30, 2020, after the parties filed their summary judgment

12  motions and less than three weeks before the court granted summary judgment in favor of

13  Zillow on February 18, 2020.  (*See* 1/30/2020 Order; MSJ Order.)  Even if the court

14  considered Corus's position baseless as of January 30, 2020, the fact that it failed to

15  withdraw its claims between that date and the court's February 18, 2020, summary

16  judgment order, is a far cry from the conduct of the plaintiffs in the cases upon which

17  Zillow relies.  For example, in *AdjustaCam*, the court determined that the plaintiff's claim

18  became baseless after the court's claim construction order, yet the plaintiffs continued to

19  litigate that case for months.  *See* 861 F.3d at 1360.

20        Nor does the court find evidence of the kind of improper motivation that exists in

21  the cases upon which Zillow relies.  Zillow's evidence of improper motivation is that

22  Corus apparently used a litigation financier to finance its litigation costs.  (Mot. at 1.)

1    However, Zillow submits no evidence of improper conduct on behalf of Corus vis-à-vis

2    the litigation financier.  (*See generally id.*)  That a separate entity may have paid some or

3    all of Corus's litigation expenses, without more, in insufficient to find bad faith.

4          In sum, the court concludes that the factors of frivolity, motivation, baselessness,

5    and the need for deterrence or compensation all weigh against an award of fees under 35

6    U.S.C. § 285.  Therefore, under the totality of the circumstances, the court declines to

7    award fees.

8          2.   28 U.S.C. § 1927 and Inherent Authority

9          The standards to award fees under Section 1927 and under the court's inherent

10   authority are more stringent than the standards under 35 U.S.C. § 285.  *See Octane*

11   *Fitness*, 572 U.S. at 557.   In rejecting a more demanding standard for 35 U.S.C. § 285,

12   the Supreme Court has determined that such a standard would render 35 U.S.C. § 285

13   "largely superfluous" given the court's authority under Section 1927 and the court's

14   inherent authority to award fees under more stringent standards.  *See Octane Fitness*, 572

15   U.S. at 557.  As the court has not found frivolity, baseless claims, or improper

16   motivation, the court also concludes that it does not find evidence of recklessness

17   "combined with an additional factor such as frivolousness, harassment, or an improper

18   purpose."  *See B.K.B.*, 276 F.3d at 1108 (quoting *Fink*, 239 F.3d 989 at 994).  Therefore,

19   the court declines to award fees under 28 U.S.C. § 1927 and the court's inherent

20   authority.

21   //

22   //

ORDER - 12

1

## IV.   CONCLUSION

2        For the foregoing reasons, the court DENIES Zillow's motion for attorneys' fees

3    (Dkt. # 145).

4        Dated this 17th day of July, 2020.

5

6

7                                                    JAMES L. ROBART
                                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22